0-4656



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John Q. McAdams
Banking Commissioner
Austin, Texas

Dear Sir:

Opinion No. 0-4656
Re: Bank and Trust Companies--
Construction of Articles 361a,
392 and 396, V. A. C. S.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"Your attention is directed to the provisions of Article 396 of the Revised Statutes which reads in part as follows:

"'Banks and trust companies may be created for the purpose of establishing a bank of discount or deposit, or both deposit and discount, with the powers provided in Article 392, and any one or more of the following purposes:' --

"Thereafter the article enumerates the powers of a trust company.

"Article 392 provides for the powers of a commercial bank, including the power of receiving deposits. There is, therefore, a possible conflict within the provisions of Article 392 quoted above. Please advise us whether or not a corporation can be organized under the provisions of Title 16 of the Revised Statutes of Texas with one or more of the powers enumerated in Article 396 without the power to accept deposits.

"If you answer this question in the affirmative, please advise us whether or not such a corporation, having been organized, could under the provisions of Article 361a adopt depository powers with only the approval of the Banking Commissioner."

Honorable John Q. McAdams, Page 2

Articles 396, 392 and 381a Vernon's Annotated Texas Civil Statutes, read as follows:

"Art. 396. (385) Powers of corporation

"Bank and trust companies may be created for the purpose of establishing a bank of deposit or discount, or both of deposit and discount, with the powers set out in article 392, and any one or more of the following purposes:

"1. To act as the fiscal or transfer agent of any State, municipality, body politic, or corporation, and in such capacity, to receive and disburse money; to transfer, register and countersign certificates of stock, bonds or other evidences of indebtedness, and to act as agent of any corporation, foreign or domestic, for any lawful purpose.

"2. To receive deposits or trust moneys, securities and other personal property from any person or corporation, and to lend money on real or personal securities.

"3. To lease, hold, purchase and convey any and all real property necessary in the transaction of its business, or which it acquires in satisfaction or partial satisfaction of debts due the corporation, under sales, judgments or mortgages, or in settlement or partial settlement of debts due the corporation by any of its debtors; which shall be alienated in good faith within five years from the date of its acquisition to some person other than some one interested in the company.

"4. To act as trustee under any mortgage or bond issue by any municipality, body politic or corporation, and accept and execute any other municipal or corporate trust not inconsistent with the laws of this State.

"5. To accept trusts from, and execute trusts for married women, in respect to their separate property, and to be their agent in the management of such property or to transact any business in relation thereto.

Honorable John Q. McAdams, Page 3

"6. To act under the order or appointment of any court of record as guardian, receiver or trustee of the estate of any minor, the annual income of which shall not be less than one hundred dollars, and as depository of any moneys paid into court, whether for the benefit of any such minor or other person, corporation or party.

"7. To take, accept and execute any and all such legal trusts, duties and powers in regard to the holding, management and disposition of any estate, real or personal, and the rents and profits thereof, or the sale thereof, as may be granted or confided to it by any court of record, or by any person, corporation, municipality, or other authority; and it shall be accountable to all parties in interest for the faithful discharge of every such trust, duty or power which it may so accept.

"8. To take, accept and execute any and all such trusts and powers of whatever nature or description, as may be conferred upon or intrusted or committed to it by any person or persons, or any body politic, corporation or other authority by grant, assignment, transfer, devise, bequest or otherwise, or which may be intrusted or committed or transferred to it or vested in it by order of any court of record, and to receive, take and hold any property or estate, real or personal, which may be the subject of any such trust.

"9. To purchase, invest in, guarantee and sell stocks, bills of exchange, bonds and mortgages and other securities; and when moneys or securities for moneys are borrowed or received on deposit, or for investment, the bonds or obligation of the company may be given therefor, but it shall have no right to issue bills to circulate as money.

"10. To act as executor under the last will or as administrator of the estate of any deceased person, or as guardian of any infant, insane person, idiot or habitual drunkard, or trustee for any convict in the penitentiary, under appointment

Honorable John Q. McAdams, Page 4

of any court of record having jurisdiction of the
estate of such deceased person, infant, insane per-
son, idiot, habitual drunkard or convict. (Acts
1905, S. S., p. 492.)

"Sub-Division A. State Bank and Trust Com-
panies, exercising any or all the powers enumerated
in Article 394, Revised Civil Statutes of the State
of Texas, 1925, shall segregate all assets held in
any fiduciary capacity from the general assets of
the Bank and Trust Company, and shall keep a sepa-
rate set of books and records showing in proper de-
tail all transactions engaged in under authority of
said Article 396.

"Funds deposited or held in trust by the bank
awaiting investment shall be carried in a separate
account and shall not be used by the bank in the
conduct of its business unless it shall first set
aside in the Trust Department, United States bonds
or other securities approved by The State Banking
Board, equivalent to the amount so used.

"In the event of the failure of such Bank and
Trust Company, the owner of the funds held in trust
for investment shall have a lien on the bonds or
other securities so set apart, in addition to their
claim against the assets of the bank. (As added
Acts 1931, 42nd Leg., p. 292, ch. 173, § 1.)"

"Art. 392. 376 Powers of corporation

"Banking Corporations shall be authorized to
conduct the business of receiving money on deposit,
allowing interest thereon, and of buying and sell-
ing exchange, gold and silver coins of all kinds;
of lending money upon real estate and personal
property and upon collateral and personal securi-
ties at a rate of interest not exceeding that al-
lowed by law; of buying and selling certificates,
securities, and shares insured by the Federal Sav-
ings and Loan Insurance Corporation; and of buying,
selling, and discounting negotiable and non-
negotiable commercial paper of all kinds. No such
bank shall lend more than fifty (50) per cent of
its securities upon real estate, nor make a loan
on real estate to any amount greater than half the

reasonable cash value thereof; provided that the restrictions as to the amount a bank may invest in securities upon real estate and as to the value of such real estate as compared to the security of the loan shall not apply to mortgage loans which are insured by the Federal Housing Administration pursuant to the National Housing Act, as now or hereafter amended.  As amended Acts 1937, 45th Leg., p. 1296, ch. 482, S 1; Acts 1941, 47th Leg., H. B. #359, S 1."

"Art. 351a.  Amendment of charter

"Sec. 1.  That hereafter any State Bank or State Bank and Trust Company may amend its charter to increase or decrease its capital stock, to change its name, to adopt trust company powers, and for any other lawful purpose.  Such amendment shall be in force and take effect when adopted by a vote of the stockholders holding two-thirds interest of the capital stock, and approved by the Banking Commissioner of Texas and filed in the archives of his office.  Stockholders shall be given notice of the intention to make such amendments by publication for not less than four (4) consecutive weeks in a newspaper published in the town or county where the bank is located, and also by notice mailed to each stockholder not less than thirty (30) days next preceding the date of the stockholders meeting.

"Sec. 2.  Provided further, that any such State Bank or State Bank and Trust Company or any other corporation subject to the provisions of Title 16 of the Revised Civil Statutes of Texas, 1925, may, under the provisions of this Act, amend its charter so as to extend its corporate existence for a period of not exceeding fifty (50) years from the effective date of such amendment.

"Sec. 3.  Further provided that any corporation heretofore incorporated under the provisions of Chapter 9, Title 16, of the Revised Civil Statutes of Texas, 1925, which has heretofore adopted depository powers as provided for under Senate Bill No. 268, Acts of the Forty-sixth Legislature,

Regular Session, 1939, and any corporation which may be hereafter incorporated under the provisions of said Chapter as thus amended may, by complying with the provisions of this Act, amend its charter in such manner as to adopt the powers of a commercial bank or bank and trust company; provided further, however, that such amendment shall not be effective until approved by resolution of the State Banking Board. In considering such an amendment, the State Banking Board shall be guided by the same rules and considerations as would guide and determine such Board in passing upon an original application for a charter of a bank incorporated under the provisions of Chapter 2, Title 16, of the Revised Civil Statutes of Texas, 1925. As amended Acts 1941, 47th Leg., H.B. #879, § 1."

It is our opinion that bank and trust companies may be created for the purpose of establishing:

1. A bank of deposit, with the powers set out in Article 392, V.A.C.S., and any one or more of the purposes set out in Article 396, V.A.C.S.;

2. A bank of discount, with all of the powers set out in Article 392 without the power of receiving deposits, and any one or more of the purposes set out in Article 396, V.A.C.S.

3. A bank of deposit and discount, with the powers set out in Article 392, V.A.C.S., and any one or more of the purposes set out in Article 396, V.A.C.S.

It is our further opinion that a State Bank and Trust Company, not having depository powers, could amend its charter to adopt depository powers, in the manner set out in Article 881a, V.A.C.S., subject to the approval of the Banking Commissioner of Texas.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Wm. J. Fanning
Assistant

APPROVED JUL 18, 1942

Grover C. Mann
ATTORNEY GENERAL OF TEXAS

WJF:ff

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN